[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT AND PLAINTIFF'S MOTION FOR MODIFICATION
On March 23, 1990, a decree of dissolution of marriage was CT Page 10973 granted in this case and inter alia, orders of child support, orders relative to life insurance, medical and dental insurance, unreimbursed medical and dental expenses were entered.
Our April 22, 1996, the plaintiff was found in contempt relative to arrearages in child support and ordered to pay arrearages pursuant to a stipulation signed by the parties and approved by the court.
After hearing on October 20, 1997, The court finds what the plaintiff has failed to make the payments as ordered on April 29, 1996 and that the garnishment ordered that day, to secure child support payments, is no longer effective because the plaintiff voluntarily and without justification left the employ of Nationwide Insurance Company in June of 1997.
The plaintiff is found to be in contempt of court. The current arrearage of child support unreimbursed health expenses and health insurance is found to be $6,674.62. Further, the testimony reveals the plaintiff has wrongfully borrowed against the cash surrender value of two insurance policies; one policy on his life and the other on the life of his daughter, Amanda, contrary to the terms of the decree.
The plaintiff is due to receive approximately $100,000, by way of a lump sum buy out from a retirement plan of his former employer, on October 1, 1998. Accordingly, it is ordered:
The plaintiff shall pay:
1. The current support order of $210 weekly as follows: $100 weekly to be paid to the defendant directly; $110 weekly is to be added to the existing arrearage of $6,674.62 and paid in full on October 15, 1998 with any other then existing arrearages.
2. The plaintiff shall reinstate and bring to a current status the $100,000 life insurance policy on his life and pay all premiums as they become due and payable. By October 15, 1998, he shall repay any loan against the cash surrender value of the policy with interest.
3. The plaintiff shall reinstate and bring to a current status the $50,000 life insurance policy on the life of his daughter, Amanda, and pay all premiums as they become due and payable. By October 15, 1998, he shall repay any loan against the CT Page 10974 cash surrender value of the policy with interest.
4. The plaintiff shall pay $1000 in attorneys fees and costs by October 15, 1998.
5. The plaintiff shall be enjoined from disposing of his retirement buy out funds with Nationwide to the extent of the defendant's interest therein and a garnishment of these proceeds is ordered in the amount of $15,000 to secure the defendant's interest relative to arrearages in child support, insurance premiums and loan repayments, and attorney's fees and costs.
The plaintiff's motion to modify is denied. In June of 1997, the plaintiff voluntarily terminated his employment with Nationwide Insurance Company after fourteen years service. His adjusted gross income in 1996 was $46,000. He is now employed as a waiter and he has net weekly earnings of $350. He could have elected to receive $2770 monthly from his former employer for a three year period. Had he done so he could have met his child support obligations. By electing a lump sum payment he has delayed the availability of his retirement funds for a sixteen month period or until October 1, 1998.
The court concludes that there has been no change of circumstances as contemplated by § 46b-86(a) which would empower the court to modify a prior support order. The plaintiff has voluntarily caused a reduction in his weekly income and he has voluntarily elected to delay his entitlement to his retirement benefits.
This case shall be docketed for review on the short calendar of November 24, 1997.
Potter, J.